## SOLOMON MEAD *vs.* CITY OF NEW HAVEN.

The city of New Haven, under power given by its charter, appointed an inspector of stationary steam boilers within the city, and passed a by-law imposing a penalty on any person who should use such a boiler without first having it tested by the inspector. Held that the city in making the appointment was in the discharge of a public and not a private duty, and that the duties of the inspector were public duties, and that consequently the city was not liable for damage resulting from the negligence of the inspector in the discharge of his duties.

A general statute provided for the appointment by the Governor of inspectors of steam boilers for different districts throughout the state, and the legislature was regarded as having made the matter of steam boiler inspection a public and governmental one.

TRESPASS on the case, for an injury to a steam boiler of the plaintiff, through the negligent acts of an inspector appointed by the defendants; brought to the Superior Court in New Haven county, and tried to the court on the general issue. The court found the following facts:

The plaintiff was the owner of a stationary steam boiler, which he was about to use in connection with a manufacturing business within the corporate limits of the city of New Haven, but which under the by-laws of the city he was not at liberty so to use until it had been inspected and approved by the board of supervisors, a board created under the charter and by-laws of the city, for the supervision of stationary steam boilers. An inspector of stationary steam boilers, who had been duly appointed to that office by the board of supervisors, and who then held the office, undertook the inspection and test of the plaintiff's boiler, using for that purpose the boiler tester and apparatus belonging to the city and kept by them for such use. The inspector in making the inspection and test, by his negligence and failure to exercise reasonable and proper care, subjected the boiler to unusual, unnecessary and unreasonable pressure, thereby breaking and injuring the same, to the damage of the plaintiff.

If, upon the facts found, the defendants were legally liable

to the plaintiff, the court found that the plaintiff was entitled to recover $400 damages.

Upon this finding of facts the case was reserved for the advice of this court.

*Watrous* and *Twiss*, for the plaintiff.

1. By virtue of its charter the city passed by-laws, imposing heavy penalties upon any person who should erect and use stationary steam boilers within its limits, without first having such boilers tested by an officer appointed, and apparatus furnished, by the city. Having taken this action and assumed upon itself the task of testing such boilers, the city became liable to any party injured, in his private property, by the negligent, unreasonable or improper use of that power. *Bailey* v. *Mayor &c., of New York*, 3 Hill, 531, 539; *Mayor &c., of New York* v. *Bailey*, 2 Denio, 433; *Mayor &c., of New York* v. *Furze*, 3 Hill, 616; *Weet* v. *Trustees of Brockport*, 16 N. York, 161; *Delmonico* v. *Mayor &c., of New York*, 1 Sandf., 222; *Rochester White Lead Co.* v. *City of Rochester*, 3 Comst., 468; *City of Dayton* v. *Pease*, 4 Ohio S. R., 80; *Ross* v. *City of Madison*, 1 Carter, 281; *Jones* v. *City of New Haven*, 34 Conn., 1.

2. The testing and supervision of stationary steam boilers is a private duty, assumed by the city, especially for the benefit of its own citizens, and in which the public at large have no more interest than in trimming trees in the public parks, or the proper construction of sewers, and is in no sense a governmental duty, as the extinguishing of a raging fire or the quelling of a riot. These latter are matters in which the whole public are interested. Nor is such testing a duty imposed upon the city, without its consent, express or implied, as the repair of highways. *Conrad* v. *Trustees of Ithaca*, 16 N. York, 158; *Child* v. *City of Boston*, 4 Allen, 54; *City of Chicago* v. *Robbins*, 2 Black, 418; *City of Chicago* v. *Powers*, 42 Ill., 169; *Jewett* v. *City of New Haven*, 34 Conn., 368; *Lloyd* v. *Mayor &c., of New York*, 5 N. York, 369; *Lacour* v. *Mayor &c., of New York*, 3 Duer, 406; Abbott Dig. Law

of Corp., 524, 533, and cases cited; Shearm. & Redf. on Negligence, § 139, with cases there cited.

3. This is either a special power granted to the city at its request, out of which a public duty grows, or it is a special duty not belonging to it, under the general law, but imposed upon it with its consent, and therefore if the city is guilty of negligence in the discharge of such duty, thereby causing injury to another, the city is liable to the party injured. *Henley* v. *Mayor of Lyme*, 5 Bing., 91; *Bigelow* v. *Randolph*, 14 Gray, 543; *Conrad* v. *Trustees of Ithaca*, 16 N. York, 158; *West* v. *Trustees of Brockport*, id., 161; *Jones* v. *City of New Haven*, 34 Conn., 1.

*Ingersoll*, with whom was *Wright*, relied upon *Jewett* v. *City of New Haven*, 38 Conn., 368.

SEYMOUR, J. The plaintiff insists that the inspector of boilers is to be regarded as the servant of the city, and that the city is therefore liable for his negligence while acting in its service. He was appointed by a board created under the charter and by-laws of the city for the supervision of stationary steam boilers within the city limits. The defendants claim that the inspector is to be regarded as a public officer, appointed indeed by the city, but discharging the same duties as those imposed by statute law upon similar inspectors appointed by the Governor in pursuance of title 34, sec. 34, of the revised statutes.

The state has seen fit to attempt by legislation to secure the safety of steam boilers within its limits, and for this purpose has provided for the appointment of inspectors in the several congressional districts into which the state is divided. If the legislature had provided for the appointment of inspectors by the several cities within their respective limits by the same statutes under which the Governor acts in making similar appointments, it would be difficult to maintain that the city would be liable for the inspector's negligence without also maintaining that the Governor would likewise be liable for the negligence of his appointees. Both the city and the

Governor would be acting in the discharge of a public duty, and the duties to be performed by the person appointed are also public. The duty of inspection of boilers is recognized by the statute as governmental. The object of the inspection is to protect all citizens from danger who may come in. contact with the boiler or who may be exposed in any way to danger from its unsafe condition.

The city of New Haven as such has no pecuniary or individual or private interest in the matter, and although the power of the city over the subject is conferred by the charter and not by the general law, yet the city must, we think, be regarded as the agent of the government, and acting for the state and not for itself in making the appointment of inspectors, and therefore not liable for the inspector's negligence.

Judgment is advised for the defendants.

In this opinion the other judges concurred.