[No. 873. Decided April 7, 1893.]

MARY LAWSON, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.

MUNICIPAL CORPORATIONS — LIABILITY FOR INJURIES TO FIREMEN.

A municipal corporation is not liable for the negligence of firemen engaged in the line of their duty.

The apparatus used by a fire company being under the special control and inspection of such company and not of the city, the city cannot be held liable for injuries received on account of the defective condition of the apparatus.

*Appeal from Superior Court, King County.*

*Tustin, Gearin & Crews*, for appellant.

*George Donworth*, and *James B. Howe*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— We believe there are no authorities which support appellant's contention that a municipal corporation is liable for the negligence of firemen engaged in the line of their duty. The authorities cited by appellant certainly do not maintain this proposition, but on the contrary most of them assert exactly the opposite proposition, viz., the rule that a municipal corporation is not liable for the negligence of firemen engaged in the line of their duty. This is so plainly the well established rule that it is scarcely necessary to discuss it. See Dillon on Municipal Corp. (4th ed.), § 976, and cases cited.

This is all the proposition that is discussed by the appellant, and is probably all the point that could be raised under the pleadings; for while the complaint alleges that the city furnished an unsuitable and defective frame or brace, known as a "deadman," for use in the work in which Lawson was engaged, yet it does not appear very clearly, if at all, that the defective "deadman" was the cause of the accident. But, conceding that it was so stated in the complaint, it is a well known fact that the apparatus used by a fire company is not under the control of the city, but is under the special control and inspection of the fire company, and such city can, therefore, no more be held for the defective condition of the apparatus than it can for its negligent operation by the company.

We think the demurrer to the complaint was properly sustained and the judgment is, therefore, affirmed.

STILES, HOYT and ANDERS, JJ., concur.

SCOTT, J., concurs in the result.