[No. 1051.  Decided January 26, 1894.]

JOHN RUSSELL, *Appellant*, v. THE CITY OF TACOMA, *Respondent.*

MUNICIPAL CORPORATIONS—LIABILITY FOR INJURIES RECEIVED IN PUBLIC PARKS.

Where a city is given a license to occupy lands for park purposes for the use of the public, it is not liable for injuries occasioned by the negligence of its officers and employés while engaged in the improvement of the park for the benefit of the public.

*Appeal from Superior Court, Pierce County.*

*Heilig & Hartman*, and *Wiley & Bostwick*, for appellant.

*F. H. Murray*, and *Doolittle & Fogg*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The City of Tacoma is a city of the first class.  Its charter was framed and adopted in accordance with the provisions of the act of the legislature, entitled "An act to provide for the government of cities having a population of twenty thousand or more inhabitants, and declaring an emergency," approved March 24, 1890 (Laws 1889–90, p. 215).  Cities organized under this act are empowered to "lay out, establish, open, alter, widen, extend, grade, pave, plank, establish grades, or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks and other public grounds, and to regulate and control the use thereof," and these provisions of the statute are incorporated into and are a part of the city charter.

By an act of congress, approved December 17, 1888, there was granted to the city of Tacoma a license to occupy and control for the purposes of a public park for the use and benefit of the citizens of the United States, and for no

other purposes whatever, a certain described tract of land
known as Point Defiance Park. This license is subject to
the condition expressed in the act, that the United States
may take possession of and occupy said land, or any part
thereof, for military or other purposes whenever the proper
officers of the United States may see fit to do so.

The charter of the city of Tacoma provides for a board
of park commissioners, consisting of five members, to be
appointed by the mayor and confirmed by the city council;
and it is made the duty of the board, subject to such rules
and regulations as the city council may by ordinance pro-
vide, among other things, to take charge of and exercise
control over all parks belonging to the city, to make report
to the city council from time to time regarding the condi-
tion of the parks, and to recommend appropriations by the
council for the improvement of the parks, and when such
appropriations have been made, expend the same in such
improvements; but no member of said commission shall
have power to create any debt, obligation, claim or liability
except with the express authority of said commission, con-
ferred at a meeting thereof duly convened and held; to
make such rules and regulations in regard to the use of
the parks as shall best subserve the interests of the public;
and generally, to do all things necessary and proper to
secure for the public the free use and enjoyment of said
parks.

While the board of park commissioners were in posses-
sion of Point Defiance Park, and were improving the same
for park purposes, appellant was injured by an explosion
of giant powder and dynamite which occurred in a build-
ing erected thereon by the commissioners. It appears
that at the time of the explosion the appellant was a laborer
under the control of a foreman employed by some one
connected with the board of park commissioners, and that
the powder and dynamite which exploded were stored in a

building used for the purposes of a blacksmith shop and for storing tools. The blacksmith was engaged in sharpening tools, and the explosives were ignited by sparks from his forge or anvil. This action was brought to recover damages for injuries to the person and property of the appellant, alleged to have been caused by the carelessness and negligence of the city in thus storing dangerous explosives in the place above mentioned. The court below held that the city was not liable, and dismissed the action, and plaintiff appeals.

The only question necessary to be determined is, whether the city is liable for malfeasance or misfeasance of its officers while employed in the prosecution of a public work of the character of the one under consideration. It is contended by the learned counsel for the appellant that the board of park commissioners while engaged in this work were but agents of the city, and that the work itself was but a private enterprise undertaken by the city for its own benefit, and if this be true there is no doubt that the city is liable to the same extent that a private corporation or individual would be liable under the same circumstances.

As supporting the appellant's contention, that the improvement of Point Defiance Park was an improvement of mere local concern, affecting merely the interests of the municipality, we are cited to the case of *State, ex rel. Wood, v. Schweickardt*, 109 Mo. 496 (19 S. W. 47). It appears from an examination of this case that the city of St. Louis was the owner of Forest Park, and, under the power given it by law, was attempting to lease a portion of it for the sale of intoxicating liquors and other refreshments at the park. Proceedings were instituted by the attorney general, in the name of the state, to prevent the city from so doing, and the court held that —

"In relation to the property in question, and the discretionary control of the city over it, it must be regarded

as a matter of purely local concern, as held and owned by the city not in its political or governmental capacity, but in a *quasi* private capacity, in which the municipal authorities act for the exclusive benefit of the corporation whose interests they represent."

We have no doubt of the correctness of that decision, and, if the facts were the same in the case at bar, that case would be cheerfully recognized as high authority in favor of the appellant's contention. But in one respect at least the facts of this case are essentially different. There the city was the owner of the park and was leasing it for its own private emolument. In this case the city of Tacoma is not the owner of Point Defiance Park, and has no interest in it whatever excepting a license to occupy and control it for the purposes of a public park. It is frankly conceded on behalf of the appellant that if the acts complained of were not proprietary merely, but public and governmental, the city is not liable in this action. While it is not always easy to draw the line between the public, or governmental, and private powers of municipal corporations, we think the respondent city, under the facts in this case, in improving the park, was exercising a power or franchise conferred upon it for the public good and not for private corporate advantage. And this being so, it is not liable for the acts or omissions of its officers in that behalf. *Murtaugh v. City of St. Louis,* 44 Mo. 479; *Hart v. Bridgeport,* 13 Blatchf. 289; *Richmond v. Long's Adm'rs,* 17 Grat. 375; *Mead v. New Haven,* 40 Conn. 72; *Ham v. Mayor, etc.,* 70 N. Y. 459; *Tindley v. Salem,* 137 Mass. 171; *Howard v. Worcester,* 153 Mass. 426 (12 L. R. A.; 27 N. E. 11); *Curran v. Boston,* 151 Mass. 505 (24 N. E. 781); *Sherbourne v. Yuba County,* 21 Cal. 113.

In *Murtaugh v. St. Louis, supra,* it was sought to make the city of St. Louis respond in damages for injury to a non-paying patient caused by the negligence of hospital officers and servants, and in speaking of the non-liability of

municipal corporations for the acts of their officers and agents, the court declared the general result of the authorities as follows:

"Where the officer or servant of a municipal corporation is in the exercise of a power conferred upon the corporation for its private benefit, and injury ensues from the negligence or misfeasance of such officer or servant, the corporation is liable, as in the case of private corporations or parties; but when the acts or omissions complained of were done or omitted in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, then the corporation is not liable for the consequences of such acts or omissions on the part of its officers and servants."

The same doctrine was enunciated in other cases above cited; and in *Mead v. New Haven* it was accordingly held that the city was not liable for the negligence of an inspector of steam boilers, and in *Ham v. Mayor*, that the city was not liable for the negligence of servants employed by the department of public instruction. In *Tindley v. Salem* it was held, upon an elaborate review of the authorities, that the defendant city was not liable for the negligence of its servants in discharging fireworks which were purchased and used for the purposes of a public celebration. In *Howard v. Worcester* the plaintiff was injured by the negligent blasting of rock in excavating the foundation for a public school house, and the court held that as the work was purely a benefit to the public, no liability was thereby created against the city. See also *Condict v. Jersey City*, 46 N. J. Law, 157; *Bryant v. St. Paul*, 33 Minn. 289 ( 23 N. W. 220); and *Barney v. Lowell*, 98 Mass. 570.

Upon the liability of towns for defects in their public commons, the supreme court of Massachusetts, in *Clark v. Waltham*, 128 Mass. 567, said:

"The plaintiff was injured while traveling upon a public park having footpaths across it, which, it is alleged, the defendant had negligently suffered to be out of repair and

unsafe. The park was conveyed to the town upon the condition that it should 'forever after be kept open as and for a common for the use of said inhabitants of the town of Waltham.' By accepting the deeds of conveyance, the town agreed to the condition, and therefore holds the park for the use of the public. It had constructed footpaths and walks over the park in various directions, but these paths were not a part of the system of highways. They were not laid out as public ways, and the town is not liable under the statutes respecting highways or townways for any defect or want of repair which may exist in them. *Oliver v. Worcester,* 102 Mass. 489; *Gould v. Boston,* 120 Mass. 300. Nor can the town be held liable upon the ground that it negligently suffered a dangerous place to exist in the park, and failed to give proper notice to persons using the park by its invitation or license. It holds the park, not for its own profit or emolument, but for the direct and immediate use of the public.

"If it can be said that there is any duty in the town to construct paths over it, or to keep such paths in repair, it is a corporate duty, imposed upon it as the representative and agent of the public and for the public benefit. For a breach of such a duty, a private action cannot be maintained against a town or city, unless such action is given by statute."

Other reasons are urged by counsel for respondent for sustaining the judgment of the lower court, but as what we have said disposes of the case, it is not necessary to discuss the points made.

The judgment is affirmed.

DUNBAR, C. J., and HOYT, STILES and SCOTT, JJ., concur.