[No. 5514. Decided September 7, 1905.]

R. Cunningham, *Respondent,* v. The City of Seattle, *Appellant.*[1]

Municipal Corporations — Maintenance of Fire Department — Governmental Function—Negligence of Employees—Injuries Resulting from Trespassing by Horse Used in Fire Department— Non-Liability. A city is not liable for damages caused by a horse used in its fire department, which was permitted to trespass upon plaintiff's lawn through the negligence of the firemen, since the maintenance of its fire department is the exercise of a governmental function (Rudkin and Fullerton, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 23, 1904, upon findings in favor of the plaintiff after a trial on the merits before the court without a jury, in an action to recover for damages to plaintiff's lawn, caused by a horse kept by defendant in its fire department. Reversed.

*Mitchell Gilliam* and *Hugh A. Tait,* for appellant.

*H. E. Foster,* for respondent.

Crow, J.—Respondent instituted this action against the city of Seattle, appellant, to recover damages occasioned by a certain horse trespassing upon and destroying respondent's lawn. On trial, the court made findings of fact to the effect that, on September 6, 1904, appellant city was maintaining near respondent's residence, a certain engine house, as a part of its fire department, and keeping there numerous horses; that, on said date, through the negligence of said city, one of said horses trespassed upon respondent's lawn, by running over, tearing up, and destroying the same, and that said horse was owned, kept, and used by said city exclusively in said fire department. Upon said findings, judgment was entered in favor of respondent, and this appeal has been taken.

[1]Reported in 82 Pac. 143.

It clearly appears from the evidence that said horse was in the exclusive charge, care, and control of the regular employees of said fire department. Appellant contends that no negligence on the part of the city or its employees has been shown, but, without passing on that question, we will, in disposing of this case, accept the findings as made by the trial court. Appellant further contends that, even though negligence be conceded, still it is not liable to respondent for any damage caused by its employees in the maintenance and operation of its fire department. This contention, we think, should be sustained. The maintenance of a fire department by a municipal corporation is the exercise of a public or governmental function.

"The rule is general that a municipal corporation is not liable for alleged tortious injuries to the persons or property of individuals, when engaged in the performance of public or governmental functions or duties." 20 Am. & Eng. Ency. Law (2d ed.), 1193.

The only question here is, whether appellant is liable for damage done to respondent's property by reason of negligent acts of the members of its fire department. Under the authorities, this question has been almost uniformly answered in the negative. The supreme court of Ohio, in *Frederick v. Columbus,* 58 Ohio St. 538, says:

"The ground on which the nonliability of municipal corporations is placed in such cases, is that the power conferred on them to establish a department for the protection of the property of its citizens from fire, is of a public or governmental nature, and liability for negligence in its performance does not attach to the municipality unless imposed by statute. The nonliability of the city in such cases rests upon the same reasons as does that of the sovereign exercising like powers; and are distinguished from those cases in which powers are conferred on cities for the improvement of their own territory and the property of their citizens."

The holdings of this court have been to the same effect. *Lawson v. Seattle,* 6 Wash. 184, 33 Pac. 347; *Russell v.*

*Tacoma,* 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895; *Simpson v. Whatcom,* 33 Wash. 392, 74 Pac. 577; *Lynch v. North Yakima,* 37 Wash. 657, 80 Pac. 79. In *Lynch v. North Yakima,* this court speaking by Root, J., said:

"But it may generally be accepted that a city is not liable for an improper discharge by its officers of a purely governmental function. The duties of an officer or employee of a fire department are regarded as for the benefit of the community, and not for the mere advantage of the municipality as a corporate body. The city possessing, as it does, a portion of the sovereignty of the state, in the exercise thereof provides and maintains a fire department. The services of this department are for the benefit of all persons who may have property in the city limits capable of injury by fire. It would seem, therefore, that in creating, maintaining, and operating the fire department the city was exercising governmental functions."

Under the above authorities, we think the city of Seattle was not liable to respondent for damages resulting from negligent acts of the employees in its fire department. The trial court therefore erred in entering judgment for said respondent. The judgment is reversed, with instructions to dismiss the action.

MOUNT, C. J., ROOT, and HADLEY, JJ. concur.

RUDKIN, J. (dissenting)—The majority opinion states the question presented on this appeal in the following language: "The only question here is, whether appellant is liable for damage done to respondent's property by reason of negligent acts of the members of its fire department." It seems to me a more correct statement of the proposition would be this: Can a municipality, owning horses and having exclusive dominion over them, permit them to trespass upon the private property of others with impunity? Judge Cooley, in his work on Torts, states the rule of nonliability of municipal corporations for taking, or neglecting to take, strictly governmental action as broadly as this or any other court,

yet, in discussing the question now under consideration, the learned author says:

"Municipal corporations are to be considered first, as parts of the governmental machinery of the state, legislating for their corporators, and planning and providing for the customary local conveniences for their people; second, as corporate bodies through proper agencies putting into execution their plans, and discharging such duties as they have imposed upon themselves or as the state has imposed upon them; and, third, as artificial persons owning and managing property. In this last capacity they are chargeable with all the duties and obligations of other owners of property, and must respond for creating or suffering nuisances under the same rules which govern the responsibility of natural persons. Under this head, therefore, nothing more need be said in this place." Cooley, Torts (2d ed.), p. 738.

Judge Dillon, in his work on Municipal Corporations, states the rule as follows:

"Upon similar grounds, municipal corporations *are liable for the improper management and use of their property,* to the same extent and in the same manner as private corporations and natural persons. Unless acting under some valid, special legislative authority, they must, like individuals, use their own so as not to injure that which belongs to another, or unjustly or improperly invade private rights." 2 Dillion, Mun. Corp. (4th ed.), § 985.

In *Rowland v. Kalamazoo Superintendents of Poor,* 49 Mich. 553, 14 N. W. 494, an action was brought against the county superintendents of the poor to recover damages for negligently suffering the cholera to be communicated to the plaintiff's hogs. The court cited, Cooley on Torts, *supra,* and *Ashley v. Port Huron,* 35 Mich. 296, 24 Am. Rep. 552, and said:

"An examination of the above authorities will show that municipal corporations in the care and management of their property, like an individual, are in duty bound to produce no injury to others. In clearing up the poor-farm the superintendents could not, nor could those in their employ, with impunity, negligently set fires, or carelessly permit them

to extend to and destroy the property of their neighbors, nor could they permit the farm stock to trespass upon the lands of adjoining proprietors and claim exemption from all liability therefor."

In *Moulton v. Scarborough,* 71 Me. 267, 36 Am. Rep. 308, a town was held liable for injuries caused by a vicious ram owned by it. In *Kies v. Erie,* 135 Pa. St. 144, 19 Atl. 942, 20 Am. St. 867, it was held that the city was not liable for injuries resulting to a foot passenger through the negligence of a fireman in throwing open the doors of an engine house; but, in an action between the same parties to recover for the same wrong, the court held, in 169 Pa. St. 598, 32 Atl. 621, that the city was liable for injuries resulting from the improper construction of the engine house. Some of the authorities make a distinction between the liability of municipal corporations for injuries resulting from property held for governmental purposes and property held for gain and profit, holding that a recovery may be had in the latter case but not in the former. In view of such distinction, a recovery might be had for a trespass committed by a horse used in the street department but not in the fire department. I do not think there is any just foundation for such distinction, and the authorities generally do not recognize it. Speaking on this subject, Jones, in his work on Negligence of Mun. Corp. § 150, says:

"Moreover, the weight of authority does not justify a distinction of this character; and an examination of the cases upon this question will sustain the conclusion that municipal corporations are responsible in damages for all injuries occasioned by their negligence in the management or care of public property irrespective of the question whether an income is derived from it."

See, also, Bishop, Non-Contract Law, § 755 *et seq.*

I do not think this case depends upon the negligence of the firemen at all. It is a case of trespass, pure and simple, and the question of negligence does not necessarily enter into it. Cooley, Torts (2d ed.), p. 397. It seems to me the

majority opinion is a misapplication of the rule that a munici-
pal corporation is not liable for injuries resulting from purely
governmental action, and a perversion of the maxim that one
must so use his own property as not to injure another.

The judgment should be affirmed.

Fullerton and Dunbar, JJ., concur with Rudkin, J.