[No. 14416. Department One. May 8, 1918.]

VIRGINIA A. CLARK, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*

VIRGINIA A. CLARK, *a Minor, Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS — TORTS — MAINTENANCE OF NUISANCE — EVIDENCE—SUFFICIENCY. Where a wading pool in city playgrounds was cleaned and drained each Friday, the fact that a broken bottle was found therein on Sunday is not sufficient to charge the city with maintaining a nuisance or render it liable for injuries sustained by a child, cut by the broken glass, there being no evidence of notice of the glass, either actual or constructive.

Appeal from a judgment of the superior court for King county, Bell, J., entered May 4, 1917, upon granting a nonsuit, dismissing consolidated actions for personal injuries. Affirmed.

*Vanderveer & Cummings,* for appellants.

*Hugh M. Caldwell* and *Frank S. Griffith,* for respondent.

[1]Reported in 172 Pac. 1155.

MAIN, J.—This is an appeal from a judgment dismissing two actions which had been consolidated for the purpose of trial. One action was brought on· behalf of a child who had sustained a personal injury,. the other by the mother of the child for the loss and expense which she had sustained by reason of the injury to the child.

In one of the public parks of the respondent city there was constructed and maintained what is known as the Lincoln Playfield. In this playfield had been constructed a cement wading pool, the water in which at its deepest place was about one foot. In this pool children were accustomed, during the warm weather, to wade for recreation and amusement. On the 27th day of August, 1916, Virginia A. Clark, a child then about the age of ten or eleven years, while wading in the pool, cut her foot on a broken glass bottle. How the bottle got into the pool is not known. After the injury, there was taken from the pool a small glass bottle which was broken in two pieces.

At the conclusion of the evidence offered in support of the recovery, the city challenged the sufficiency thereof and moved the court for a judgment of dismissal. This motion was sustained, and from the judgment dismissing the actions, the appeal is prosecuted.

The appellants recognize the rule of nonliability of the city, while acting in a governmental capacity, for the tortious acts or omissions of its agents, as stated in *Russell v. Tacoma,* 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895, and *Howard v. Tacoma School District No. 10,* 88 Wash. 167, 152 Pac. 1004, Ann. Cas. 1917D 792; but it is claimed that the facts in the present case show that the city was guilty of maintaining a nuisance, and for this reason, the, rule stated in the cases referred

to does not apply. For the purposes of this case only it will be assumed, but not decided, that the city, even though acting in a governmental capacity, would still be liable for the maintenance of a nuisance to a person who sustained injury thereby. The evidence shows that the wading pool was drained and cleaned on Friday of each week. The accident in the present case occurred on Sunday. If the pool was drained and cleaned on the Friday previous, the fact that some thoughtless person may have cast into the pool a broken bottle between that time and the time of the injury would not be sufficient to charge the city with maintaining a nuisance. There is no evidence that either the city or the park board, under whose control the playfield was operated, had any notice, actual or constructive, that the pool contained broken glass prior to the accident.

The judgment will be affirmed.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.