[No. 14640.   Department Two.   November 20, 1918.]

LENA NELSON *et al., Respondents,* v. THE CITY OF
SPOKANE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (405-407)—TORTS—GOVERNMENTAL FUNC-
TIONS—PARK—CONSTRUCTION OF DAM. The improvement of a city
park not for profit being the exercise of a governmental function,
the city is not liable for the negligent construction of a dam back-
ing up the water of a stream to the damage of an upper riparian
proprietor.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered August 6, 1917,
upon the verdict of a jury rendered in favor of the
plaintiffs, in an action in tort. Reversed.

*J. M. Geraghty* and *Alex M. Winston,* for appellant.
*Tustin & Chandler,* for respondents.

MAIN, C. J.—The city of Spokane, being the owner
of a public park which was not operated for profit,
erected a dam within the park across a running stream
of water. This dam was negligently constructed by
the board of park commissioners in such a manner
that it obstructs the stream to the damage of respond-
ents' property, which is situated about one-half mile
up the stream from the park. The appellant city
claims that no liability exists against it for the reason
that, in the construction of the dam, it was acting in
a governmental capacity.

This court has held that the liability of a city for
acts such as the one here complained of depends upon
whether the negligence was in respect to governmental
or proprietary functions. We are committed to the
doctrine that, in respect to governmental functions,
cities are not liable for those negligent acts. *Lawson*

[1] Reported in 176 Pac. 149.

*v. Seattle,* 6 Wash. 184, 33 Pac. 347; *Simpson v. Whatcom,* 33 Wash. 392, 74 Pac. 577, 99 Am. St. 951, 63 L. R. A. 815; *Lynch v. North Yakima,* 37 Wash. 657, 80 Pac. 79, 12 L. R. A. (N. S.) 261.

There remains then only to determine whether a city, in the operation of a park not for profit, is performing a governmental or proprietary function. Here, again, we are committed by the decisions of this court to the doctrine that the operation or improvement of a park not for profit is the exercise of a governmental function. *Russell v. Tacoma,* 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895; *Clark v. Seattle,* 102 Wash. 228, 172 Pac. 1155.

These cases would seem to be determinative of the issue presented here and exempt the appellant from liability. There is nothing in conflict with this holding in those cases in which we have maintained the right of a riparian owner to have the water of the stream flow by in its natural course and in which we have held the city liable for the obstruction thereof. It will be found that those cases were ones in which the city's negligence occurred while in the exercise of its proprietary functions. *Ronkosky v. Tacoma,* 71 Wash. 148, 128 Pac. 2; *Powelson v. Seattle,* 87 Wash. 617, 152 Pac. 329; *Willett v. Seattle,* 96 Wash. 632, 165 Pac. 876.

The case of *Jorguson v. Seattle,* 80 Wash. 126, 141 Pac. 334, cited by the respondent, does not hold that the city is liable when acting in either a proprietary or governmental capacity, but holds that the city, being otherwise liable, has no right to take or damage property without compensation. It would serve no useful purpose to enter into a discussion of the reasons for the different rules of liability of municipalities when acting in different capacities. It suffices to say that the rule in these cases is as indicated and we

adhere to it in this decision. The judgment is reversed and the action dismissed.

MOUNT, HOLCOMB, CHADWICK, and MACKINTOSH, JJ., concur.