[No. 23804. Department Two. December 28, 1932.]

EDGAR JAMES STUVER, *a minor, by Hazel G. Stuver, his guardian ad litem, Appellant,* v. THE CITY OF AUBURN, *Respondent.*[1]

*Hyland, Elvidge & Alvord* and *J. B. Olmsted,* for appellant.

*I. B. Knickerbocker* and *Thos. E. Agee,* for respondent.

BEALS, J.—The city of Auburn, in the course of its municipal activities, maintains a park open to the

[1]Reported in 17 P. (2d) 614.

public, in which it has constructed certain playground apparatus, including a merry-go-round. Plaintiff, who was ten years old at the time of the accident which is the basis of this action, while playing in and about the merry-go-round, suffered an injury to his right hand, which resulted in the amputation of the index finger. This action was instituted for the purpose of recovering damages suffered by plaintiff because of this injury. Defendant demurred to plaintiff's amended complaint on the ground that the same did not state facts sufficient to constitute a cause of action, and from a judgment dismissing the action, after the entry of an order sustaining the demurrer, plaintiff appeals.

The complaint alleges that the merry-go-round upon which appellant was injured consisted of a circular platform approximately twenty-five feet in diameter, operated by means of cogwheels in and about the center post; that these cogs were left open and exposed, and that children were accustomed to play in and about the same and insert sticks into the cogwheels while the platform was revolving; that these facts were well known to respondent, but that respondent permitted the apparatus to remain with the cogwheels open and unguarded, and permitted children to operate the same; that appellant, not understanding the danger of his act, in the course of his play in and about the merry-go-round, inserted a stick into the cogwheels, and that, while appellant's right hand was in close contact with the center post, the appliance was placed in motion, with the result that his hand was injured, as above set forth.

Appellant alleged that the merry-go-round was dangerous to children playing therewith, and constituted a nuisance and one particularly attractive to children, that appellant is entitled to receive from respondent compensation for his injuries, and that error

was committed in sustaining a demurrer to his complaint and in dismissing the action.

The sole question before us is the sufficiency of the complaint as against a general demurrer. Appellant argues that, under the allegations of his complaint, it must be held that respondent created and maintained a nuisance, and that for this it is liable in damages to one injured thereby, even though it be held that its act was performed in the course of the exercise by respondent of its governmental functions.

For the purposes of this case only, we assume, as argued by appellant, that the doctrine of municipal immunity for negligence in the performance of acts embraced within governmental functions does not apply to the case of a nuisance created and maintained by a municipality. In support of his contention that the situation disclosed by this complaint shows the creation and maintenance of a nuisance, appellant cites many authorities.

In the case of *Hoffman v. Bristol*, 113 Conn. 386, 155 Atl. 499, 75 A. L. R. 1191, the supreme court of Connecticut held the defendant city liable in damages to one who used a diving board constructed and maintained by the municipality on the bank of a park lagoon, the board being approximately four feet above the surface of the water, which was less than four feet deep and usually so discolored that the shallowness of the water could not be discerned. In the case cited, the person injured used the diving board for the very purpose for which the same was designed, and in a proper manner. The maintenance of the diving board was an invitation to the public to use the same, and, its use for the purpose for which it was constructed being manifestly dangerous, the board constituted a nuisance and the municipality was properly held liable. The court held that the city was not liable for mere negligence.

In the case of *Seattle v. Lloyds' etc. Ins. Co.*, 253 Fed. 321, the city of Seattle was held liable for damages resulting from the acts of its port warden in causing a high explosive to be stored in a place where the storage of explosives was prohibited by ordinance. The placing of a large quantity of dynamite in a place where its explosion would be practically certain to cause injury, constituted the creation of a nuisance for which those responsible should be held in damages.

We are convinced that the merry-go-round, as described in appellant's complaint, should not be classified either as a nuisance, as matter of law, or to constitute such a dangerous agency as would justify a court or a jury in finding that the same constituted a nuisance, as matter of fact. It cannot be said that the natural tendency of respondent's act was to create danger or cause injury to the children who might play on or about the merry-go-round, and certainly the apparatus was not in its inherent nature so dangerous as to render the hazard extreme and within the rule laid down by the court of appeals of New York in the case of *Melker v. New York*, 190 N. Y. 481, 83 N. E. 565, 16 L. R. A. (N. S.) 621.

In the case of *Bernstein v. Milwaukee*, 158 Wis. 576, 149 N. W. 382, L. R. A. 1915C, 435, the city was held not liable on account of injuries suffered by a child who was hurt on one of the amusement devices situated on a portion of the playground set apart for children older than the one injured. It was held that the city maintained the park under its governmental power, and it is indicated that liability might have been incurred had the maintenance of a public nuisance been permitted.

In the case of *Vanderford v. Houston*, 286 S. W. (Tex. Civ. App.) 568, the court of civil appeals of Texas held that the city was not liable on account of

the drowning of a two year old baby in a wading pool, water in which was less than three feet deep. It was held that the wading pool did not constitute a nuisance and that the city was not liable for negligence. The court very pertinently remarked that amusement devices would fail of their purpose if they were not attractive to children, and that the acceptance by parents ·of the city's invitation to children to use playground facilities carried with it the assumption of some risk. The doctrine of the turntable cases was held inapplicable, the court ruling that the principle therein laid down has no application to a public park, with which reasoning we are in entire accord.

It is pertinent to remark that, in the case at bar, it must be assumed that the merry-go-round was perfectly safe, if properly used for the purpose for which it was intended. Almost any such appliance may cause injury if improperly used, and it must be recognized that it is well nigh impossible to make such instrumentalities small-boy-proof, or so safe that injury cannot result from abuse thereof.

We are clearly of the opinion that the facts alleged afford no basis for holding, either as matter of law or matter of fact, that respondent maintained a nuisance. Appellant next argues that respondent is liable for the reason that it maintained an attractive nuisance, in that the merry-go-round attracted children and lured them into a danger zone where they were likely to be injured.

We are convinced that, in the operation of a public park or playground, a municipality is functioning in its governmental capacity, and that its liability is governed by the rules applicable to such a situation.

Appellant cites the opinion of the supreme court of Wyoming in the case of *Ramirez v. Cheyenne,* 34 Wyo.

67, 241 Pac. 710, 42 A. L. R. 245, in which the city was held liable for damages occasioned by the falling of a swing, the anchors of which had become insecure. The case of *Warden v. Grafton,* 99 W. Va. 249, 128 S. E. 375, 42 A. L. R. 259, is also relied upon, a judgment for damages occasioned by a defect in a slide being upheld. In these cases, it appears that the appliance was being used in the method in which it was intended to be used, the injuries complained of resulting from some defect in the apparatus, which caused injury even when the use to which the device was put was proper.

Appellant argues that the opinion of this court in the case of *Watson v. Kent,* 35 Wash. 21, 76 Pac. 297, supports his position. In that case, recovery by the plaintiff on account of damages suffered because of the maintenance by the city on plaintiff's premises of a pest-house, which was permitted to be and remain in a filthy condition, was sustained. Such a state of facts is so utterly different from the situation here presented that the case cited is not pertinent to the matter now under inquiry.

In the case of *Clark v. Seattle,* 102 Wash. 228, 172 Pac. 1155, it was held that the defendant was not liable for injuries suffered by the plaintiff as the result of cutting her foot on broken glass while wading in a pool maintained for that purpose in one of the Seattle parks. In the course of its opinion, this court stated (as we have here) that, for the purpose of that case only, it assumed the liability of the city for the maintenance of a nuisance. It was held that the evidence was insufficient to charge the city with knowledge of the dangerous condition of the wading pool. The case cited does not support appellant's contention.

Respondent contends that, as the city was, in maintaining the playground, acting in its governmental ca-

pacity, it is not responsible for damages arising out of such operation, and cites the opinions of this court in the cases of *Russell v. Tacoma,* 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895; *Nelson v. Spokane,* 104 Wash. 219, 176 Pac. 149; and *Hotel Cecil Co. v. Seattle,* 104 Wash. 460, 177 Pac. 347. The following authorities from other states, cited by respondent, support the foregoing rule: *Emmons v. Virginia,* 152 Minn. 295, 188 N. W. 561, 29 A. L. R. 860; *Cornelisen v. Atlanta,* 146 Ga. 416, 91 S. E. 415; *Warrenton v. Smith,* 149 Ga. 567, 101 S. E. 681; *Heino v. Grand Rapids,* 202 Mich. 363, 168 N. W. 512; *Gensch v. Milwaukee,* 179 Wis. 95, 190 N. W. 843; *Hibbard v. Wichita,* 98 Kan. 498, 159 Pac. 399, L. R. A. 1917A, 399; *Warren v. Topeka,* 125 Kan. 524, 265 Pac. 78, 57 A. L. R. 555; *Bolster v. Lawrence,* 225 Mass. 387, 114 N. E. 722, L. R. A. 1917B, 1285; *Caughlan v. Omaha,* 103 Neb. 726, 174 N. W. 220.

We are clearly of the opinion that, under the authorities, the city in maintaining the park and playground was carrying out its governmental functions, and that it cannot be held that the merry-go-round upon which appellant was injured constituted either a nuisance or a dangerous appliance attractive to children, within the rules contended for by appellant. We are satisfied that the rule of municipal liability for damages resulting from such a state of facts as is disclosed by appellant's complaint should not be extended so as to include such an action as this.

The demurrer to appellant's amended complaint was properly sustained, and the judgment appealed from is accordingly affirmed.

TOLMAN, C. J., MAIN, and STEINERT, JJ., concur.