[14982.  Department One.—May 18, 1893.]

## LEWIS N. HAGER, APPELLANT, *v.* SOUTHERN PACIFIC COMPANY, RESPONDENT.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WILFUL INJURY.—Where the conduct both of a party injured and of the party alleged to have caused the injury clearly indicates an absence of the exercise of the most ordinary care, the latter will not be held liable, unless the acts which resulted in the injury were wilfully and deliberately done.

ID.—RAILROADS—NEGLIGENCE OF ENGINEER—ALARM AT CROSSING—COLLISION WITH WAGON—NEGLIGENCE OF DRIVER.—The failure of the engineer of a railroad train to ring a bell or blow a whistle at a street crossing, as required by section 486 of the Civil Code, does not abrogate the doctrine of contributory negligence, and where the driver of a wagon recklessly drives across the railroad track at the time when the train is known to be due, without checking speed, or listening for an approaching train, or adopting any precaution to prevent a collision, the railroad company is not responsible for an injury resulting from a collision, notwithstanding the neglect of the engineer to comply with the statute.

ID.—SUBSEQUENT EMPLOYMENT OF AUTOMATIC BELL—EVIDENCE.—An offer of evidence that subsequent to the accident the railroad company placed an automatic bell at the crossing where the collison occurred is properly rejected.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*D. L. Smoot,* for Appellant.

*A. A. Moore,* and *James C. Martin,* for Respondent.

GAROUTTE, J.—This is an action to recover damages for injuries to property (horses and harness) resulting from a collision with a train of cars at a railroad crossing in the city of Oakland. A nonsuit was ordered by the trial court and the plaintiff has appealed.

The accident occurred in the settled portion of the city. The train was going at the rate of thirty or thirty-five miles an

hour, and the engineer was neither ringing the bell nor blowing the whistle, as required by the statute. The team injured consisted of six horses attached to a band wagon containing sixteen men. The train was a regular train and known to be due at that point by the driver of the horses at about the time of the injury. The view of the track towards the point from which the train was approaching was obstructed until the driver arrived within about forty feet of the crossing, when he would be able to see an appoaching train for a distance of two hundred and fifty yards. The bill of exceptions contains further recitals of the evidence as follows: "The driver approached Short Street crossing at a jog trot, and without stopping or checking the speed of the team, and before the crossing was reached by the train one or two of the passengers jumped from the wagon, while it was in motion, because nervous about riding over railroad tracks. The driver of the team did not check the speed of his team and listen for approaching trains before driving upon the crossing, although he knew the train was due about that time, and although he knew that by reason of the intervening houses he could not see the approaching train until his team would be within a few feet of the crossing. Yet he drove on at the jog trot at which he had been previously driving, without stopping, or checking his speed, or lessening the noise of his team, or adopting any precaution, or making any effort to listen for the approaching train while his vision was obstructed, or observing the precaution of looking after reaching a point where his vision was unobstructed."

No comment by the court upon this state of facts is demanded. The conduct of the driver indicates a degree of negligence closely allied to recklessness. His negligence would have been but one degree more culpable if he had driven his team upon the track and there awaited the coming train and the inevitable collision. The conduct of both plaintiff and defendant clearly indicates an absence of the exercise of the most ordinary care, and under those circumstances the defendant is not liable, unless the acts which resulted in the injury were wilfully and deliberately done, and the evidence does not go to that extent. This is the established doctrine, and is supported in this state by an unbroken line of authority.

We are satisfied with the construction of section 486 of the Civil Code announced in *Meeks* v. *Southern Pacific R. R. Co.,* 52 Cal. 604; also that the offer of evidence that subsequent to the accident the defendant placed an automatic bell at the crossing where the collision occurred, was properly rejected; (*Sappenfield* v. *Main St. R. R. Co.,* 91 Cal. 61.)

For the foregoing reasons let the judgment be affirmed. .

HARRISON, J., and PATERSON, J., concurred. .

Hearing in Bank denied.