[S. F. No. 7002. In Bank.—February 17, 1917.]

ERNEST C. WEBSTER, Respondent, v. C. M. ORR et al., Appellants.

NEGLIGENCE—COLLISION BETWEEN MOTORCYCLE AND TRUCK—DISCHARGE OF TRUCK DRIVER AFTER ACCIDENT—ADMISSION OF NEGLIGENCE—EVIDENCE.—In an action by a rider of a motorcycle to recover damages for personal injuries resulting from a collision with a truck owned by the defendants, where the evidence was sharply conflicting as to whether the negligence of the plaintiff or that of the driver of the truck was responsible for the collision, it is reversible error to permit the plaintiff on cross-examination of the driver of the truck to elicit from him evidence tending to show that after the accident he had been discharged by the defendants on account of his negligence at that time due to the fact that he was intoxicated. Section 4½ of article VI of the constitution is inapplicable in such case.

ID.—HOSTILITY OF WITNESS—IMPEACHMENT.—Evidence that an employee was discharged after an accident is not admissible, in an action where the employee is called as a witness by the defendant employer, to establish the witness' hostility either to the plaintiff or to the employer, or to impeach him as a witness for his employer.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial. N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley, and Charles A. Beardsley, for Appellants.

Gehring & Wyman, for Respondent.

HENSHAW, J.—Plaintiff brought his action against defendants to recover damages for injuries sustained through the negligence of the driver of a truck owned by defendants. He received a verdict at the hands of the jury. From the judgment which followed and from the court's order denying defendants' motion for a new trial, they have appealed.

The evidence, as is usual in such cases, is in sharp conflict. That offered by plaintiff was to the effect that he was carrying a friend upon his two-passenger motorcycle and was proceeding eastward upon a street in the city of Oakland.

Suddenly and unexpectedly the driver of defendants' truck, with his horses trotting or galloping and apparently not under perfect control, cut across his path, the pole struck the motorcycle, and he and his companion were thrown to the ground and trampled upon by the horses. The conflicting evidence of defendants was that the heavy truck was proceeding at a walk, the motorcycle was going at a rapid rate of speed, and was passing vehicles moving in the same direction without due care, that while so being driven it collided with the tongue of the truck wagon which was crossing this street in an orderly manner, and that by reason of this collision thus occurring plaintiff, without negligence upon the part of defendants, sustained his injuries.

The driver of defendants' truck was called as a witness on behalf of defendants and gave his version of the accident. Upon cross-examination he was asked the following questions. To them defendants' counsel objected. The objections were overruled, and the answers given as follows:

"Q. How long ago was the accident? A. It was on the 20th of July, 1911.

"Q. When you were employed by Orr & Breedlove? A. Yes, over a year ago.

"Q. Did you leave their employ after the accident? A. Yes, sir.

"Q. Were you discharged because of the accident? A. Yes, sir.

"Q. Was that the reason given? A. I expect so.

"Q. Was any reason given? A. Yes.

"Q. Did he [Mr. Doyle] give as the reason for your discharge the fact that you had been drinking? A. That was the reason he gave.

"Q. What was the reason of the discharge? A. It was for drinking. That was why they discharged me.

"Q. Nothing said about the collision; is that right? A. I cannot remember anything being said about it."

The value to the plaintiff of this evidence, if properly admitted, the injury to the defendants of this evidence if improperly admitted, are made the more conspicuous by the fact that defendants were contending that the physical condition of their truck and the harness of the horses demonstrated that the pole of the truck did not strike the motorcycle as plaintiff contended, but, to the contrary, that the

motorcycle was driven at headlong speed into the pole of the truck. In support of this they offered evidence to show that the strong pole of this two-ton truck was gouged out and the forward end broken and shattered, an injury which, so they argue, could not have resulted if the pole had struck the motorcycle, but which could, and would, naturally have resulted if a speeding motorcycle had been driven against the pole. Still further in this connection it was shown that the hame-straps of the harness were broken, an accident which it is argued could not have occurred if plaintiff's version of the occurrence was the true one. This is said in emphasis of the fact that this evidence so admitted was of a very real and vital consequence in this controversy, amounting as it did to·an admission by the defendants of the negligence of the driver, who was dismissed from his employment because of that negligence arising from his condition of intoxication. As evidence designed to fix an admission of negligence on the part of defendants after knowledge of the accident, it was indisputably incompetent and manifestly injurious. (*Sappenfield* v. *Main Street R. R. Co.*, 91 Cal. 48, 61, 62, [27 Pac. 590] ; *Hager* v. *Southern Pacific Co.*, 98 Cal. 309, 311, [33 Pac.̈ 119] ; *Turner* v. *Hearst*, 115 Cal. 394, 401, [47 Pac. 129] ; *Limberg* v. *Glenwood*, 127 Cal. 598, 604, [49 L. R. A. 33, 60 Pac. 176] ; *Helling* v. *Schindler*, 145 Cal. 303, 311–315, [78 Pac. 710] ; 29 Cyc. 616; *Armour & Co.* v. *Skene*, 153 Fed. 241, [82 C. C. A. 385] ; *Hewitt* v. *Taunton St. Ry. Co.*, 167 Mass. 483, [46 N. E. 106].)

It is sought, therefore, to justify the admission upon other grounds and, should the justification fail, then to excuse it as an immaterial error under section 4½ of article VI of the constitution. The argument in justification comes to this: That the witness was an important witness for the defense and was a hostile witness to plaintiff, and that plaintiff therefore had the right affirmatively to establish the hostility of this witness against himself by showing that he had been discharged by the defendants. We do not clearly apprehend the force of this, since rationally it would seem that if he had been unjustly discharged, his animosity would have been against the defendants instead of against the plaintiff, but putting this aside, we have never been advised of any rule of evidence nor cited to any authority holding that evidence that an employee was discharged after an accident could be

used (in an action such as this where the witness is called by the defendant employer) to establish that witness' hostility either to the plaintiff or to the employer. Still further under the argument of justification the proposition is advanced that the witness' version of the accident being such as to exonerate himself from culpability and his former employers from liability, evidence of his discharge was legitimate for impeachment, but the legitimate methods of impeaching or discrediting a witness are pointed out in section 2051 of the Code of Civil Procedure, and it would certainly be an innovation in the law of evidence to add, judicially, to that section a provision that a witness may be impeached or discredited by a showing that he was discharged by his employer for reasons growing out of the transaction in question, and this where liability is sought to be cast upon the employer because of the employee's part in the transaction.

The conflicting character of the evidence has been indicated. Also it has been pointed out that the effect of the objectionable evidence if believed was to establish before the jury an admission by defendants that their driver was culpably negligent, and had been discharged for that reason. It left the jury little more to do than to fix the amount of their award. For this reason respondent cannot successfully invoke the application of section 4½ of article VI of the constitution. The error was both serious and prejudicial.

The judgment and order appealed from are therefore reversed.

Shaw, J., Melvin, J., Sloss, J., Lorigan, J., and Lawlor, J., concurred.