Hillsborough, )
Dec. 7, 1926. )

## THADDEUS PIASECNY, *by his next friend*, STANISLAUS PIASECNY
### *v.* MANCHESTER.

No action lies against a municipality for injuries received by falling from a defective seesaw owned and maintained by the municipality in a public playground in a public park.

CASE, for personal injuries. Trial by jury. At the close of the plaintiff's evidence, the defendant's motion for a nonsuit was granted, and the plaintiff excepted.

The plaintiff was injured by falling from a seesaw owned and maintained by the city in a public playground, located in a public park. There was evidence that the seesaw had been defective for a long time. The plaintiff's declaration contained two counts. The first count charged that the defendant, with full knowledge of the defective condition of the seesaw, encouraged and permitted children to make use of it. The second count charged that the defective seesaw was a nuisance. Transferred by *Burque*, J. No briefs were furnished by either party.

*Osgood & Osgood*, for the plaintiff.

*Thomas J. Bois*, for the defendant.

BRANCH, J. Although the decisions in other jurisdictions are not harmonious, the law limiting the liability of municipalities for tort is well settled in this state. "In the absence of a statute creating the liability, no action can be maintained against a municipal corporation for an injury arising from the neglect of a public corporate duty, from the performance of which the corporation receives no special benefit, pecuniary or otherwise." *Clark* v. *Manchester*, 62 N. H. 577; *Edgerly* v. *Concord*, 62 N. H. 8; *Rhobidas* v. *Concord*, 70 N. H. 90, 107; *O'Brien* v. *Derry*, 73 N. H. 198; *Gates* v. *Milan*, 76 N. H. 135. "It has always been understood that it was essential for a plaintiff to show the breach of a duty owed to him privately as distinguished from one owed to the public." *Stevens* v. *Manchester*, 81 N. H. 369. No argument is required to establish the fact that municipal playgrounds, like schools, are public institutions open to enjoyment by all the people, from which the city in its corporate capacity receives no special advantage. There is nothing in the facts stated in the re-

served case from which it could be found that the defendant owed the plaintiff any other duty than that which it owed to all members of the public for whose benefit the playground in question was maintained. For the non-performance of this duty there can be no recovery under the rule above stated.

The fundamentals of the situation and the rule of law applicable thereto are not varied by calling the defective seesaw a nuisance.

The nonsuit was therefore properly ordered.

*Exception overruled.*

All concurred.