DORIS M. WILLCOX, an Infant, by BERTRAM W. WILLCOX, Her Guardian ad Litem, Appellant, *v.* COUNTY OF ERIE, Respondent.

BERTRAM W. WILLCOX, Appellant, *v.* COUNTY OF ERIE, Respondent.

Fourth Department, June 30, 1937.

*Layton H. Vogel,* for the appellants.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the respondent.

LEWIS, J.   We are to determine whether the doctrine of sovereign immunity may be successfully invoked by a county in defense of a suit for personal injuries alleged to have been caused by the negligent maintenance of winter sports in a county park.

In the winter of 1936, the Erie county park commission erected and maintained in Chestnut Ridge Park a toboggan slide which afforded a coasting distance in excess of 1,600 feet.   At the far end of the course an earthen barrier was constructed to prevent contact with a boundary fence.   On February 9, 1936, prevailing conditions of snow, ice and freezing temperature combined to make the course unusually fast.   It was under these conditions that the infant plaintiff tobogganed the full length of the course and in passing over the end barrier sustained the injuries for which she now seeks to recover against the county of Erie.

The complaint charges that the county maintained the slide in a condition so dangerous to its users as to constitute a nuisance and operated it in a manner so negligent as to be the sole proximate cause of plaintiff's injuries.

By the terms of the statute (Laws of 1924, chap. 638, § 10) under which Erie county purchased and maintains Chestnut Ridge Park, the county park commission is empowered " to develop, improve and embellish such park  *  *  *  and erect, construct or build thereon structures and other improvements and appurtenances  *  *  *  for any one or more of the following purposes, all of which are hereby declared to be for a public and county purpose, namely: public health, public welfare, education, instruction, interest, pleasure, recreation, athletics or amusement."

In that connection each complaint alleges and each answer admits that the county of Erie maintains Chestnut Ridge Park " as a public place of entertainment, amusement and recreation to which the public, without charge or fee is invited and admitted and that in said park  *  *  *  said county has constructed, maintains and controls certain toboggan slides and runways connected therewith for the use of the public."

Accordingly we may start our inquiry with the basic fact — supported by statute and admitted by pleadings — that the park where plaintiff was injured was a public place owned and maintained by the defendant for purposes of public health, recreation and welfare and to which the public was invited and admitted without charge.

Having thus acquired and maintained the park without restricting its free use to residents of Erie county but making its benefits available to the public at large, did the county act as governmental agency of the State for the benefit of its people so that the rule of non-liability for negligence may be applied?  Or were the benefits thus proffered within the quasi-private duties of the county or for its peculiar advantage and the welfare of its inhabitants?  Stated otherwise, were the functions thus performed by the county governmental and public or proprietary and private?  If governmental, immunity from the legal consequences of fault must follow; if proprietary, liability must result.  (*Hughes* v. *County of Monroe*, 147 N. Y. 49; *Markey* v. *County of Queens*, 154 id. 675; *Nichitta* v. *City of New York*, 223 App. Div. 428; *Cleveland* v. *Town of Lancaster*, 239 id. 263; affd., 264 N. Y. 568; *Miller* v. *Town of Irondequoit*, 243 App. Div. 240; affd., 268 N. Y. 578.)

Recognizing the tendency against the rule of non-liability of municipalities we have it in mind that the Legislature has seen fit to impress liability upon a county where injuries to person or

property result from a defective highway under county maintenance. (County Law, § 6.) It is also recalled that prior to 1929 the common law accorded to cities, towns and villages of this State a complete defense against certain tort liability. In that year, however, the Legislature added section 282-g* to the Highway Law (Laws of 1929, chap. 466) which imposed liability where immunity formerly had prevailed. Other instances could be cited where the Legislature has restricted the field of municipal irresponsibility. (Cf. Borchard Government Liability in Tort, 34 Yale Law Jour. 229.)

However, non-liability is still the rule where the county function involved is governmental in character. Liability is the exception and is imposed only by legislative enactment — not by judicial interpretation. What was said by Justice HARRY L. TAYLOR in *Cleveland* v. *Town of Lancaster* (*supra*, p. 268) is quite as applicable here: "Where a principle of the common law has entered into our form of government, it is controlling, until by legislation, express in its terms, it is modified or negatived by the substitution of a new declaration upon the subject."

The Legislature has not yet altered the settled common-law rule of non-liability where it appears that in the maintenance of a park, a county performs a governmental or public function. The test is, did the county act as a governmental agency in the performance of a function for the common good of all without regard for the element of special corporate benefit or special favor for county residents? (See discussion by Chief Justice RUGG in *Bolster* v. *City of Lawrence*, 225 Mass. 387, 390–392; 114 N. E. 722; also opinion by Justice VOORHEES in *Bisbing* v. *Asbury Park*, 80 N. J. L. 416; 78 A. 196.)

Applying that test to the record we find undisputed proof that Chestnut Ridge Park was purchased and is maintained by Erie county under authority of a statute which declares the county's function in that regard to be a public purpose. It is also conceded that the park is of free access to the public and is devoted exclusively to the common good. We thus reach the conclusion that in its ownership and maintenance of the park where the infant plaintiff was injured the county of Erie performed duties which it had assumed solely for the benefit of the public at large and in doing so acted as an agency of government. It follows that there can be no recovery in the cases now before us.

In reaching that conclusion we have not overlooked the ruling in *Augustine* v. *Town of Brant* (249 N. Y. 198). There, however, a statute authorized the maintenance of a park for the use, con-

---

* Now General Municipal Law, § 50-a.— [REP.

venience and enjoyment of the inhabitants of the park district. It also provided that "The free use of such park may be limited by the board of park commissioners in its discretion to the inhabitants of such park district." Apparently the local authorities enforced the restriction because the Court of Appeals was careful to point out (p. 202) that the defendant township "had fixed a charge for out-of-town people of fifty cents for each automobile entering the park," and there was proof in that case that a substantial sum in fees was collected.

It can hardly be claimed for such an arrangement that the town had thus offered unrestricted public use of its park. We regard it as characteristic of a proprietary or private function — not governmental or public — that a fee from foreign entrants was required while local residents were afforded park privileges without charge. That this aspect of the case influenced the decision of the Court of Appeals is indicated by the concluding paragraph of its opinion (p. 206): "A wise public policy forbids us to recognize the town of Brant as acting as a sovereign when it maintains its park. It acts as a legal individual voluntarily assuming a duty, not imposed upon it, *for the benefit of a locality rather than the general public.* When it assumes such a duty it also assumes the burdens incident thereto."

The "benefit of a locality" thus recognized by the Court of Appeals in the *Augustine* case is a feature not present in the case at bar. Here we deal with privileges which Erie county gives without charge. The very statute which authorizes the county to own and maintain the park declares it to be "a public  *  *  * purpose" and plaintiffs concede that in actual operation Chestnut Ridge Park is devoted to public use unrestricted by entrance fees.

In view of the conclusion which we have reached we deem it unnecessary to consider the remaining point argued by the appellants.

The judgment in each case dismissing the plaintiff's complaint upon the merits should be affirmed, with costs.

In the first action: All concur, Edgcomb and Crosby, JJ., also on the ground that there was no evidence to establish actionable negligence on the part of the defendant; except Sears, P. J., and Cunningham, J., who dissent and vote for reversal on the law and for granting a new trial on the authority of *Van Dyke* v. *City of Utica* (203 App. Div. 26); *Peterson* v. *City of New York* (267 N. Y. 204) and *Whittaker* v. *Village of Franklinville* (265 id. 11); and see *Augustine* v. *Town of Brant* (249 id. 198). Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

Judgment affirmed, with costs.

In the second action: Same decision and like cause of action as in companion case last above. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment affirmed, with costs.