[Civ. No. 20627.   Second Dist., Div. Two.   May 11, 1955.]

DENNIS FARRELL, a Minor, etc., et al., Appellants, v.
CITY OF LONG BEACH, Respondent.

Ball, Hunt & Hart for Appellants.

Dryden, Harrington, Horgan & Swartz for Respondent.

MOORE, P. J.—The question here posed is whether the complaint can be so amended as to state a cause of action based upon the negligence of the municipality.

Plaintiff alleges that he is a youth twelve years of age; that the city maintains the Somerset Playground on Carson Street and another on Cherry Avenue for children's recreational purposes; that while he was at Somerset for the purpose of participating in children's recreational activities, the city's agent, Harold Fairly, negligently directed plaintiff "to proceed from said Somerset Playground to said playground located at 45th Street and Cherry Avenue to participate in said children's recreational activities and negligently instructed . . . plaintiff to ride upon the handle bars of the bicycle of another boy in proceeding to said playground and negligently . . . directed said plaintiff that he, Harold Fairly, would ride upon the bicycle of plaintiff to said playground, and carelessly . . . proceeded to said playground upon plaintiff's bicycle; that plaintiff . . . proceeded to said playground upon the handle bars of the bicycle of said other boy and, while plaintiff was so riding, his body became caught in the wheel of said bicycle and he was thrown to the ground. As a proximate result of said negligence . . . plaintiff suffered personal injuries and was made sick, sore and lame and was generally damaged in the sum of $25,000."

Appellant contends that the court was in error in holding (1) that the operation of the playground was a governmental activity and (2) in denying plaintiff the right to amend the complaint. Such contention is contrary to law.

■ The maintenance of children's playgrounds and recreational centers for the general use of the children of the city are referable solely to the duty of maintaining public health which is one of the delegated functions of sovereignty. They do not in any sense partake of the nature of an ordinary business enterprise. (*Kellar* v. *City of Los Angeles,* 179 Cal. 605, 608-609 [178 P. 505].) ■ The fostering and safeguarding of public health is a governmental function, although providing mere amusement or entertainment is not. (*Plaza* v. *City of San Mateo,* 123 Cal.App.2d 103, 111 [266 P.2d 523].) ■ A child injured accidentally on a public playground cannot recover for his injuries in the absence of proof that he was injured as a result of the dangerous or defective condition of the playground. (Gov. Code, § 53051*;

---

*Section 53051, subdivision (a) reads:
"When local agency liable for injuries resulting from dangerous or

*Schmidt* v. *City of Vallejo,* 122 Cal.App. 5, 7, 9 [10 P.2d 107].) It follows that not only is no cause of action stated in the complaint, but it is not possible to allege a valid cause of action for the reason that the playground itself was not directly responsible for plaintiff's injuries.

In his brief, appellant alleges "That the negligence complained of was the negligent transportation of minor children, under the negligent direction of the playground director." ■ The statute (§ 53051, *supra*) is destitute of any reference to the negligence of the director of any public property. Inasmuch as a municipality is not liable for the negligence of its employees in the exercise of governmental functions unless made so by statute (*Perry* v. *Santa Monica,* 130 Cal.App.2d 370, 372 [279 P.2d 92]; *Stang* v. *City of Mill Valley,* 38 Cal.2d 486, 488 [240 P.2d 980]; *Miller* v. *City of Palo Alto,* 208 Cal. 74, 75 [280 P. 108]), no fact appears to be available to appellant that would enable him to declare a cause of action.

The authorities cited by appellant (*Bauman* v. *San Francisco,* 42 Cal.App.2d 144 [108 P.2d 989]; *Plaza* v. *City of San Mateo,* 123 Cal.App.2d 103 [266 P.2d 523]), do not avail him. The first arose out of a playground so inefficiently designed as to make its condition dangerous and defective; the second involved the operation of a golf course which was a proprietary activity by the city of San Mateo.

■ In the instant action no property was involved but that of plaintiff's playmate. The only negligence alleged was that of the director who asked Dennis to ride along a public street on the handlebars of his friend. Neither nor both can constitute a basis for the city's liability. Therefore, no valid amendment is available.

Judgment affirmed.

McComb, J., and Fox, J., concurred.

---

defective condition of public property. A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition:

"(a) Had knowledge or notice of the defective or dangerous condition."