[Civ. No. 17549. First Dist., Div. Two. June 2, 1958.]

JANELLE BARRETT, a Minor, etc., et al., Respondents, v. CITY OF SAN JOSE, Appellant.

Ferdinand P. Palla, Jensen & Zavlaris and Elmer D. Jensen for Appellant.

Boccardo, Blum, Lull, Niland & Teerlink and Edward J. Niland for Respondents.

DRAPER, J.—Plaintiff, a minor, brought this action for damages resulting from injuries sustained in an accident which occurred in a swimming pool operated by defendant city in Alum Rock Park, a municipal park. Plaintiff, playing in the

shallow end of the pool, donned a glass face mask and dove under water. She came up at the foot of the slide just as another youthful patron of the pool came down the slide head first. His head struck hers. The glass of the face mask was shattered and a piece of glass was driven into plaintiff's eye, necessitating removal of the eye. Jury verdict was in favor of plaintiff, and defendant appeals from judgment entered upon the verdict.

The trial court instructed the jury as to the elements of negligence, and a defendant's liability therefor, and also as to liability for injury caused by the dangerous or defective condition of public property. (Gov. Code, § 53051.) It then gave a general instruction on the distinction between the governmental and proprietary activities of a municipality, directed the jury to determine whether defendant city acted in its proprietary or its governmental capacity in operating the swimming pool, and instructed:

"If you find that it was operating in its governmental capacity, then the rules pertaining to a dangerous or defective condition of public property are solely applicable. On the other hand, if you find that it was operating in its proprietary capacity the instructions relating to negligence and carelessness have application."

Whether under a given state of facts an act of a municipality is performed as part of its governmental function is a question of law for the court, and it is error to submit this question to the jury. (*Hanson* v. *City of Los Angeles,* 63 Cal.App.2d 426 [147 P.2d 109] ; see also *Chafor* v. *City of Long Beach,* 174 Cal. 478 [163 P. 670, Ann.Cas. 1918D 106, L.R.A. 1917E 685] ; *Bertiz* v. *City of Los Angeles,* 74 Cal.App. 792 [241 P. 921].)

The remaining question is whether the error is prejudicial.

The distinction between governmental and proprietary activities is not sharp and clear. There is no rule of thumb by which to determine the character of an activity not classified by previous decision. (*Plaza* v. *City of San Mateo,* 123 Cal. App.2d 103, 110 [266 P.2d 523].) However, it has been decided that a municipal swimming pool is maintained by a city in its governmental capacity. (*Crone* v. *City of El Cajon,* 133 Cal.App. 624 [24 P.2d 846].) Operation of public parks and playgrounds also is a governmental activity. (*Schmidt* v. *City of Vallejo,* 122 Cal.App. 5 [10 P.2d 107] ; *Keller* v. *City of Los Angeles,* 179 Cal. 605 [178 P. 505].) While the mere location of a proprietary activity in a public park does

not make it governmental in nature (*Rhodes* v. *City of Palo Alto,* 100 Cal.App.2d 336 [223 P.2d 639]), the operation of a miniature train as a part of a city park is a governmental activity (*Meyer* v. *City & County of San Francisco,* 9 Cal. App.2d 361 [49 P.2d 893].)

█ In operating the pool in Alum Rock Park, defendant city acted in its governmental capacity. Thus plaintiff could recover only by meeting the requirements of the Public Liability Act (Gov. Code, § 53051), which requires proof that a dangerous or defective condition existed, that plaintiff's injuries resulted therefrom, that those having authority to remedy the condition had notice of it, and that they failed to correct it within a reasonable time.

█ Under the instructions, however, the jury could have based its verdict upon a finding of negligent acts or omissions of individual employees, as distinguished from the more limited liability prescribed by the Public Liability Act. · If the record contains any substantial evidence of general negligence, as distinguished from the acts or omissions specified in the Public Liability Act, we cannot tell which theory the jury followed, and must hold the erroneous instruction to be prejudicial. There was evidence that only one of the three lifeguards on duty was present at the poolside, and that the number of persons in the pool was such that, under the rule stated by the superintendent, at least one more guard should have been on such duty. It was also claimed that the one guard stayed in a chair, did not "circulate around" as he was supposed to do, and paid no attention to those in the shallow end of the pool. Under this and other evidence introduced by plaintiff, the jury could well have found that the injury resulted from failure of the lifeguards to perform their assigned duties, on this one occasion, rather than from a dangerous condition. Thus we cannot say that the erroneous instruction was without prejudice to defendant.

█ Plaintiff suggests that the location of the slide in the pool, and the means used to warn swimmers away from the area adjoining its foot, constituted a dangerous and defective condition as a matter of law. But the evidence is in conflict upon this issue. The question is therefore one of fact for the jury. (*Bauman* v. *City & County of San Francisco,* 42 Cal.App.2d 144, 153 [108 P.2d 989].) We are well aware that the term "dangerous or defective condition of public property" is not limited to purely structural or mechanical defects. (See *Teilhet* v. *County of Santa Clara,* 149 Cal.App.

2d 305 [308 P.2d 356]; *Bauman* v. *City & County of San Francisco, supra.*) But under the conflicting evidence here, the question whether such a condition existed remains one of fact.

We cannot hold that the jury would have reached the same conclusion under proper instructions. The judgment is reversed and the case remanded for new trial. As is apparent from our brief discussion of the evidence, defendant's motion for judgment notwithstanding the verdict was properly denied. That order is affirmed. The order denying motion for new trial is not appealable, and the purported appeal from that order is dismissed. Each party to bear own costs on appeal.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied July 2, 1958, and respondents' petition for a hearing by the Supreme Court was denied July 30, 1958. Carter, J., was of the opinion that the petition should be granted.