[Civ. No. 18101. First Dist., Div. Two. Apr. 30, 1959.]

JAMES DONALD CARR, a Minor, etc., et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Vernon W. Humber and James J. Reilly for Appellants.

Dion R. Holm, City Attorney, and Paul J. Di Noia, Deputy City Attorney, for Respondents.

DOOLING, J.—This appeal from a judgment of nonsuit is presented on an agreed statement.

On September 5, 1954, the minor plaintiff, who was then 8 years of age, was injured when he tripped over the foot of the attendant in charge of the merry-go-round in Golden Gate Park. The minor had entered through the entrance gate in the enclosure surrounding the merry-go-round with his mother and two sisters. He started to climb on a horse and then changed his mind and started to run toward his mother and sisters who had gone to another part of the merry-go-round. As the attendant put one foot on the merry-go-round, with the other still on the ground, the minor ran against his leg and fell.

There was one attendant in charge and it was his practice, which he was following on this day, to keep both exit and entrance gates to the enclosure shut while the merry-go-round was in motion. When it stopped he would open the exit gate to permit those who had completed their rides to leave. He would then close the exit gate and open the entrance gate. After this he would board the merry-go-round and aid any children in need of assistance. He would then close the entrance gate, return to the merry-go-round and put it in motion. This accident occurred when the attendant was stepping on to the merry-go-round to get the children prepared for the next ride and while the merry-go-round was not in motion.

The merry-go-round "is the ordinary type children's merry-go-round which has various animals mounted on a circular revolving platform which turns about a central axis housing the operating mechanism." It is located in an area which contains, among other things, swings, slides, an animal corral, a donkey ride and a food concession.

In granting the nonsuit the court held that the operation of the merry-go-round was a governmental function and that the evidence was not sufficient to establish a cause of action under Government Code, section 53051. Appellants argue that the court erred in both conclusions and also in sustaining objections to certain evidence offered by appellants.

Our decisions are clear that in the operation of a playground for children a municipality is performing a governmental, and not a proprietary, function. (*Kellar* v. *City of Los Angeles,* 179 Cal. 605, 608-609 [178 P. 505] ; *Farrell* v. *City of Long Beach,* 132 Cal.App.2d 818 [283 P.2d 296] ; *Meyer* v. *City & County of San Francisco,* 9 Cal.App.2d 361 [49 P.2d 893] ; *Schmidt* v. *City of Vallejo,* 122 Cal.App. 5

[10 P.2d 107].) The Meyer case is not distinguishable from ours, since in that case this court held that in the operation of a miniature train in Fleishhacker Playground the City and County of San Francisco was acting in its governmental capacity.

Appellants cite those cases which have held that an activity designed primarily for the amusement and entertainment of the public is proprietary rather than governmental. (*Guidi* v. *State*, 41 Cal.2d 623 [262 P.2d 3], fireworks and horse arena; *Chafor* v. *City of Long Beach*, 174 Cal. 478 [163 P. 670, Ann.Cas. 1918D 106, L.R.A. 1917E 685], public assembly hall; *Plaza* v. *City of San Mateo*, 123 Cal.App.2d 103 [266 P.2d 523], golf course; *Rhodes* v. *City of Palo Alto*, 100 Cal.App.2d 336 [223 P.2d 639], theater.) From these cases appellants argue that a merry-go-round designed for the entertainment and amusement of children is not logically distinguishable. In making this argument appellants do not take into account the difference in governmental relation to, and responsibility toward, children as distinguished from adults. The very word "*play*ground" has a connotation of amusement and recreation, and the determination of our courts that the maintenance of playgrounds for children is a governmental function is itself a recognition of the responsibility of government to set aside areas in which children may be amused and entertained, by indulging their normal proclivity to play away from the dangers and temptations of our city streets. Play is a normal activity of the young and a recognized part of their education and training and in these days of the widespread recognition of the dangers of juvenile delinquency and the concomitant duty of the public to the children of our cities who can question that affording to the children the facilities for play is a proper governmental function?

A merry-go-round differs from other playground equipment only in the fact that it is mechanically propelled and it is generally recognized in those jurisdictions which like ours, consider the maintenance of playgrounds a governmental function, that the furnishing of such equipment and appliances falls within the limits of governmental immunity. (Playground swings: *Mayor, etc. of Nashville* v. *Burns*, 131 Tenn. 281 [174 S.W. 1111]; *Clark* v. *City of Louisville*, 273 Ky. 645 [117 S.W.2d 614]; *Royston* v. *City of Charlotte*, 278 Mich. 255 [270 N.W. 288]; *Epstein* v. *City of New Haven*, 104 Conn. 283 [132 A. 467]; *Etter* v. *City of Eugene*, 157 Ore. 68

[69 P.2d 1061]; Slides: *Schmidt* v. *City of Vallejo, supra,* 122 Cal.App. 5; *Grinde* v. *City of Watertown,* 232 Wis. 551 [288 N.W. 196]; See-saw: *Piasecny* v. *City of Manchester,* 82 N.H. 458 [136 A. 357]; Toboggan and sled runs: *Cegelski* v. *City of Green Bay,* 231 Wis. 89 [285 N.W. 343]; *Ball* v. *City of Madison,* 1 Wis.2d 62 [82 N.W.2d 894]; *Steele* v. *Boston,* 128 Mass. 583; *Willcox* v. *Erie County,* 252 App.Div. 20 [297 N.Y.S. 287]; *Pohland* v. *City of Sheboygan,* 251 Wis. 20 [27 N.W.2d 736]; Merry-go-round propelled by the children: *Stuver* v. *City of Auburn,* 171 Wash. 76 [17 P.2d 614]; *Smith* v. *Iowa City,* 213 Iowa 391 [239 N.W. 29]; Undescribed "appliance": *Bernstein* v. *City of Milwaukee,* 158 Wis. 76 [149 N.W. 382, L.R.A. 1915C 435].) We have no hesitation in holding that in operating a children's merry-go-round in connection with a children's playground respondent was engaged in governmental activity.

Appellants' further contention that the question whether this was a governmental or proprietary activity should have been left to the jury is answered by *Barrett* v. *City of San Jose,* 161 Cal.App.2d 40, in which we said at page 42 [325 P.2d 1026]: "Whether under a given state of facts an act of a municipality is performed as part of its governmental function is a question of law for the court, and it is error to submit this question to the jury. [Citing cases.]"

The agreed statement does not support appellants' contention that the evidence would support a finding that respondent permitted a dangerous or defective condition of the merry-go-round to exist so as to impose liability under Government Code, section 53051. The dangerous or defective condition to satisfy this section may be found in the general plan of operation. (*Teilhet* v. *County of Santa Clara,* 149 Cal. App.2d 305 [308 P.2d 356]; *Bauman* v. *City & County of San Franciscco,* 42 Cal.App.2d 144 [108 P.2d 989].) Appellants seek to bring this case within this rule by arguing that in having only one attendant in charge of the merry-go-round the attendant "had to dash frantically in and about the merry-go-round to open the gates, caution the children about running, see that the children were safely seated, collect the tickets, blow a whistle etc. Had another attendant been assigned . . . he could have walked in and about the merry-go-round with caution and circumspection, having had knowledge of the propensities of children to run about the merry-go-round."

These statements in the brief find no support in the agreed

statement. The attendant testified that, while he was some-times assigned a part-time assistant, on the day in question he felt he needed no help. There is no evidence that the attendant proceeded at any time in a hurried manner and indeed the minor plaintiff testified that ''he noticed that the attendant had started to walk toward the merry-go-round and had last noticed him stop about half way or more between the gate and the merry-go-round and talk to someone. . . .'' The record is barren of any evidence from which a jury could find that the presence of only one attendant had any causal con-nection with appellant's injury. (*Cf. Crone* v. *City of El Cajon,* 133 Cal.App. 624, 630 [24 P.2d 846].)

Appellants' complaint that they were not permitted to produce evidence to show that the food concession and merry-go-round may have been operated at a profit and that the donkey-ride concession was leased to a private operator when it did not make a profit is answered by *Talley* v. *Northern San Diego County Hospital Dist.,* 41 Cal.2d 33 [257 P.2d 22]. At pages 39-40 the Supreme Court said: ''The imposition of a charge for service is not inconsistent with the exercise of a governmental function. [Citing cases.] Neither is the profit or nonprofit phase of the activity engaged in determinative of either a proprietary or governmental function. [Citing cases.] The test is whether the particular activity in which the governmental agency is engaged at the time of the injury is of a public or private nature.''

Appellants also complain that they were not permitted to introduce the evidence of a witness who had been the chief attendant at a privately operated merry-go-round at the San Francisco beach ''as to the manner in which the Whitney [private] merry-go-round was operated, the number of attend-ants employed at Whitneys-At-The-Beach and the necessity of having more than one attendant present to supervise the merry-go-round.''

There was no showing that the privately operated merry-go-round was operated under conditions at all similar to those surrounding the respondents' merry-go-round. The merry-go-round in issue was surrounded by a substantial enclosure which prevented access to the merry-go-round while it was in motion, for example, while for all that appears the privately operated merry-go-round at the beach may not have been so protected; but basically appellants can show no prejudice from the exclusion of this testimony, in any event, because as above

noticed the record fails to show any causal connection between the fact that there was only one attendant and appellant's injuries.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.