**Joan PEKAR, Plaintiff,**

v.

**WESTCHESTER COUNTY PLAYLAND COMMISSION, Defendant.**

United States District Court
S. D. New York.

Jan. 19, 1961.

Arthur A. March, New York City, Ralph S. Kantrowitz, Bridgeport, Conn., of counsel, for plaintiff.

John P. Smith, New York City, Joseph A. Minch, New York City, of counsel, for defendant.

WEINFELD, District Judge.

It is beyond question that the plaintiff failed to file a notice of claim with the defendant [1] and in other respects did not comply with the requirements of the New York State act which created the defendant as a body politic.[2]

Notwithstanding, the plaintiff seeks to avoid dismissal of her complaint on the ground that the activities of the defendant upon which she rests her claim were nongovernmental and consequently she was not required to file a notice of claim with the Commission. This contention was authoritatively disposed of adversely to plaintiff's position in Fullam v. Westchester County Playland Commission, 2d Dep't 1950, 276 App.Div. 925, 94 N.Y.S.2d 637 (mem.), where the Appellate Division affirmed an order of Special Term which granted a motion by the defendant to dismiss the complaint for failure to allege timely service of a notice of claim. That Court held:

> "The amended complaint does not state a cause of action, in that it does not allege service of a notice of claim in the form required and within the time limited by statute

1. A thirty-day notice of claim provision, contained in the Westchester County Playland Commission Act, N.Y.Sess.Laws 1941, ch. 777, § 10, is superceded by a ninety-day provision in the General Municipal Law, McK.Consol.Laws, c. 24, § 50–e. See N.Y.Sess.Laws 1945, ch. 694, § 13, General Municipal Law, § 50–e note.

2. N.Y.Sess.Laws 1941, ch. 777, § 10.

(L.1941, ch. 777, § 10; General Municipal Law, § 50-e), nor does it plead facts sufficient to excuse compliance with the statutory requirements. Appellant's contentions that the statutory provisions, requiring such notice as a condition precedent to the commencement of an action, are unconstitutional, since the accident complained of resulted from the conduct by respondent of proprietary, or commercial, and not of a governmental activity, may not be sustained. Such provisions, as applied to a public benefit corporation, are neither arbitrary nor discriminatory, insofar as appellant is concerned, nor do they deprive appellant of property without due process of law."

The Court of Appeals denied plaintiff's motion for leave to appeal on the ground that no substantial constitutional issue was presented.[3]

Apart from the foregoing, it should be pointed out that the legislative act which created the defendant as a public benefit corporation authorized it to operate Playland, where plaintiff alleges she met with her injuries, for the improvement of the "health, welfare, * * * pleasure, recreation, athletics or amusements"[4] of the people of Westchester County and the State of New York. Thus the Act itself recognized that some of the Commission's functions would not be strictly governmental; nonetheless, the notice of claim provision, as a condition to the commencement of an action, was inserted therein and contains no exception with respect to the nature of the claim, whether involving governmental or proprietary activities of the defendant.[5]

The cases cited by plaintiff are inapposite since they consider only the question of governmental, as distinguished from proprietary, activities in terms of sovereign immunity of a body politic for alleged negligent acts, and do not consider the issue here presented.

■■ Since the complaint contains no allegation that the notice required under the Act was given to the defendant, it fails to state a cause of action and the defendant is entitled to a dismissal under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; moreover, since it affirmatively appears that the time within which to commence suit has expired under the statute,[6] defendant is also entitled to prevail on its motion for summary judgment.

The foregoing disposition makes it unnecessary to consider the defendant's further motion to dismiss on the ground that the plaintiff is an infant for whom no guardian ad litem was appointed, and hence is without capacity to sue in her own name.

3. Fullam v. Westchester County Playland Comm., 1950, 300 N.Y. 752, 92 N.E. 2d 458 (mem.).

4. N.Y.Sess.Laws 1941, ch. 777, § 1.

5. In view of the issue here presented, it is unnecessary to consider the precise nature of the defendant's function and activities. Compare Willcox v. County of Erie, 4th Dep't 1937, 252 App.Div. 20, 297 N.Y.S. 287, affirmed mem. 1938, 277 N.Y. 604, 14 N.E.2d 184, with Caldwell v. Village of Island Park, 1952, 304 N.Y. 268, 107 N.E.2d 441. Significantly, in the latter case so heavily relied upon by the plaintiff herein, timely notice of claim was served by the plaintiff. See Complaint, ¶ 3, Record on Appeal, 69 App.Div., No. 496 (2d Dep't 1951).

6. While the Court is empowered under the Act, upon a proper application, to extend the time to file a notice of claim for a reasonable period after the expiration of the original statutory period, it is without power to do so after the expiration of one year following the accident. See Gen. Municipal Law, § 50-e, subd. 5; Rosenberg v. City of New York, 1955, 309 N.Y. 304, 307–308, 130 N.E.2d 629, 631–632.