[Civ. No. 20255. First Dist., Div. Three. Oct. 25, 1962.]

GEORGE KING, Plaintiff and Appellant, v. COUNTY OF MENDOCINO, Defendant and Respondent.

Philander Brooks Beadle and John T. Tully for Plaintiff and Appellant.

Frank S. Petersen, District Attorney, Bell & Cox and Conrad L. Cox for Defendant and Respondent.

DRAPER, P. J.—This is a personal injury action against a county. The court instructed the jury only on negligence and refused instructions on the Public Liability Act (Gov. Code, § 53051). Verdict and judgment were for defendant, and plaintiff appeals. The principal issue is whether refusal to instruct on the Public Liability Act constitutes error prejudicial to plaintiff.

Plaintiff drove to his place of employment over a county road. On return trips, he traversed a down grade, at the top of which was a sign "Steep Grade, Use Low Gear," and which was also posted with a number of "Slow, Curve" signs. On the afternoon of the accident, October 29, 1958, a county road crew used a grader to clear loose rock and soil from a drainage ditch along the side of this road, and move it across the road and over its downhill edge. A thin layer of this material remained over the oil and gravel surface of the road. This is the normal method of clearing ditches used by both county and state in maintenance of mountain roads. After completion of this job, plaintiff drove along the road on his return from work. He traversed some 135 yards of the area on which work had been done and then, just below a curve, his truck struck the bank and overturned, injuring him. He attributes the accident to the loose material. Although plaintiff and his passenger testified that they were traveling in low gear at 15 miles per hour, there was evidence of an admission by plaintiff

that he had been going 20-25 miles per hour and was in a higher gear.

The original complaint was grounded solely on the Public Liability Act. After the Supreme Court disapproved the doctrine of governmental immunity (*Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457]), plaintiff amended his complaint to add a cause of action in general negligence.

To support his view that he was aggrieved by the refusal of instructions on the Public Liability Act, plaintiff cites three cases (*Kotronakis* v. *City & County of San Francisco*, 192 Cal.App.2d 624 [13 Cal.Rptr. 709]; *Ngim* v. *City & County of San Francisco*, 193 Cal.App.2d 138 [13 Cal.Rptr. 849]; *Akers* v. *City of Palo Alto*, 194 Cal.App.2d 109 [14 Cal.Rptr. 767]), which hold that, despite *Muskopf*, a county, city or school district still is entitled to the restrictions upon recovery against it imposed by the Public Liability Act. ■ Recovery under that act is based on negligence (*Pritchard* v. *Sully-Miller Contracting Co.*, 178 Cal.App.2d 246, 256 [2 Cal.Rptr. 830]), but is restricted to the limited form of negligence prescribed by the terms of the act (*Ngim* v. *City & County of San Francisco, supra*, at pp. 144-145; see also *Barrett* v. *City of San Jose*, 161 Cal.App.2d 40 [325 P.2d 1026]).

■ Here plaintiff had the benefit of instructions broadly defining negligence generally, without limitation to the terms of section 53051. At most, the absence of these restrictive elements prejudiced defendant county. Clearly such lack did not aggrieve plaintiff, and he cannot complain.

■ Plaintiff also asserts error in the refusal of his requested instruction in the language of Vehicle Code section 465, subdivision (b) (now § 21351). It stated that local authorities shall post such signs as are required by the code, but plaintiff offered no instruction as to when such signs are so required. Even now, he points to no requirement that a warning sign be posted on this road in its condition the day of the accident. If given, his instruction would have been but a dangling, incomplete admonition, incomprehensible to the jury. It was properly refused.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 19, 1962.