John H. Galloway, Jr., J.
This action on behalf of the infant plaintiff to recover damages for personal injuries alleged to have been sustained through the negligent operation of one of the defendant’s roller-coasters at Playland in July, 1960, was tried before this court and a jury on April 15 and 16, 1963. The jury returned a verdict in favor of plaintiff. Defendant moved to set aside the verdict and to dismiss the complaint on the ground, among others, that there was no proof of service of *5 notice of claim on the defendant in the manner required by subdivision 3 of .section 50-e of the General Municipal Law. The court had reserved decision on the defendant’s motion to dismiss on the same ground made at the close of the entire case; since there was a question whether the manner of service of the notice of claim was governed by subdivision 3 of section 50-e of the General Municipal Law, or by section 10 of chapter 777 of the Laws of 1941 (Westchester County Playland Commission Act).
Subdivision 3 of section 50-e requires that the notice of claim be served either personally or by registered mail upon the appropriate person designated to receive such service. Section 10 of the Playland Commission Act provided for service of the notice by presenting the verified claim in writing in duplicate to the commission and by service thereof upon the County Attorney. The evidence established that the notice of claim was served by mailing a copy thereof by ordinary mail to the commission and a copy thereof to the County Attorney.
Section 13 of chapter 694 of the Laws of 1945 provides that the provisions of section 50-e of the General Municipal Law, as added by that act, shall supersede inconsistent provisions of any general, special or local law or charter provisions, and shall be controlling.
The notice of claim provisions of section 50-e have been held to have superseded the provisions of section 10 of the Playland Commission Act, with respect to the required manner of service of notice of claim on the commission, and where there is failure to allege service of such notice of claim on the commission as required by section 50-e, the complaint is dismissable for failure to state a cause of action. (See Pekar v. Westchester Playland Comm., 190 F. Supp. 430; Fullam v. Westchester County Play-land Comm., 276 App. Div. 925, mot. for lv. to app. den. 300 N. Y. 752.)
Here there was a failure both to allege and to prove service as required by subdivision 3 of section 50-e. It follows, therefore, that the verdict must be set aside and the complaint dismissed, without costs.